# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DYNAMIC ENERGY, INC., a West Virginia, Corporation, | ) ) ) | |
| Plaintiff/Counterclaim-Defendant, | ) ) | |
| v. | ) ) | C.A. No. 19-635-LPS |
| CM ENERGY PROPERTIES, LP, a Delaware limited partnership, | ) ) ) | |
| Defendant/Counterclaim-Plaintiff. | ) ) | |

## DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

Defendant CM Energy Properties, LP ("CM Properties") hereby submits its Answer, Affirmative Defenses, and Counterclaim to the First Amended Complaint (the "Complaint") filed by Plaintiff Dynamic Energy, Inc. ("Dynamic"). The numbered Paragraphs below correspond to the same-numbered Paragraphs in the Complaint. CM Properties denies all allegations in the Complaint, whether express or implied, that are not specifically admitted below. Any factual allegation below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that arguably follow from the admitted facts. CM Properties denies that Dynamic is entitled to the relief requested or any other relief.

## I.      THE PARTIES, JURISDICTION, AND VENUE

1.      CM Properties admits Dynamic is a corporation organized and existing under the laws of the State of West Virginia, with its principal place of business in Daniels, West Virginia.

2.      CM Properties admits it is a limited partnership organized and existing under the laws of the State of Delaware. CM Properties admits service of process is proper when made by

Registered U.S. Mail on the following:

> CM Energy Properties, LP
> 200 George Street, Suite 4
> Beckley, West Virginia 25801
> Attention: Roy West
> E-Mail: rwest@cmenergylp.com
>
> With a copy to:
>
> Kirkland & Ellis LLP
> 609 Main Street
> Houston, Texas 77002
> Attention:  William J. Benitez
> Email: william.benitez@kirkland.com
> Fax: (713) 836-3601

CM Properties denies the remaining allegations in this Paragraph.

3.    This Paragraph contains legal conclusions that do not require a response.

4.    Admitted.

5.    Admitted.

6.    Admitted.

## II.    FACTUAL ALLEGATIONS

### A.    The Valuable Mining Opportunity Which Is The Subject Of CM Properties' Breach.

7.    CM Properties admits it entered into the Sublease Agreement, which speaks for itself, with Dynamic on January 27, 2017.  CM Properties denies the remaining allegations in Paragraph 7 to the extent they are inconsistent with the terms of the Sublease Agreement.

8.    CM Properties states that the Sublease Agreement speaks for itself and denies all allegations inconsistent with that document.

9.    CM Properties states that the Sublease Agreement speaks for itself and denies all allegations inconsistent with that document.  CM Properties specifically denies that the Sublease

2

Agreement automatically extended for successive one-year periods.

10.   CM Properties states that the Sublease Agreement speaks for itself and denies all allegations inconsistent with that document.

11.   CM Properties lack sufficient knowledge to form a belief as to the truth or falsity of the allegations of this Paragraph, and on that basis denies the same.

12.   CM Properties lack sufficient knowledge to form a belief as to the truth or falsity of the allegations of this Paragraph, and on that basis denies the same.

**B.      The Purported Notice Of Default And Remedial Action.**

13.   CM Properties admits it sent Dynamic a letter dated August 28, 2018, informing Dynamic that because of its breaches of the Sublease Agreement, Dynamic had forfeited its rights under that Agreement.  CM Properties admits it attached CM Properties' original June 20, 2018 notice letter of Dynamic's defaults to the August 28, 2018 letter.  As to those allegations purporting to describe the contents of the letters, CM Properties states that the letters speak for themselves and denies all allegations inconsistent with those documents.  CM Properties denies the remaining allegations in this Paragraph.

14.   Denied.

15.   CM Properties denies the first sentence of Paragraph 15.  As to the remaining allegations in this Paragraph, CM Properties lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations, and on that basis denies the same.

16.   CM Properties admits that Mr. Justice and Rahman D'Argenio, the Chairman of CM Properties, signed the Sublease Agreement.  CM Properties denies the remaining allegations of this Paragraph.

**C.      The Dispute Over Non-Delivery Of Notice.**

17.     CM Properties admits that Mr. Justice sent a letter to Roy West, the Chief Financial Officer of CM Energy Operations, LP, dated August 31, 2018.  As to those allegations purporting to describe the contents of the letter, CM Properties states that the letter speaks for itself and denies all allegations inconsistent with that document.  CM Properties denies the remaining allegations in this Paragraph.

18.     CM Properties admits that Mr. West sent a letter to Dynamic dated September 6, 2018.  As to those allegations purporting to describe the contents of the letter, CM Properties states that the letter speaks for itself and denies all allegations inconsistent with that document.  CM Properties denies the remaining allegations in this Paragraph.

19.     CM Properties admits it received a letter from Dynamic's General Counsel, Mr. Stephen Ball, and dated September 7, 2018.  As to those allegations purporting to describe the contents of the letter, CM Properties states that the letter speaks for itself and denies all allegations inconsistent with that document.  CM Properties denies the remaining allegations in this Paragraph.

20.     CM Properties admits that Mr. West responded to Mr. Ball's letter on September 10, 2018.  As to those allegations purporting to describe the contents of the letter, CM Properties states that the letter speaks for itself and denies all allegations inconsistent with that document.  CM Properties denies the remaining allegations in this Paragraph.

21.     Denied.

22.     CM Properties lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in this Paragraph, and on that basis denies the same.

23.     Denied.

24.     Denied.

## COUNT I

### (Declaratory Judgment)

25.     CM Properties incorporates by reference each of its responses set forth in the preceding Paragraphs as though they were fully set forth herein.

26.     Denied.

27.     Denied.

28.     CM Properties lacks sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations of this Paragraph, and on that basis denies the same.

29.     This Paragraph contains a legal conclusion that does not require a response.  To the extent a response is required, CM Properties denies the allegations.

30.     Denied.

## COUNT II

### Breach Of Contract

31.     CM Properties incorporates by reference each of its responses set forth in the preceding Paragraphs as though they were fully set forth herein.

32.     Denied.

33.     Denied.

34.     Denied.

## COUNT III

### (Breach Of Implied Duty Of Good Faith, Honesty And Fair Dealing)

35.     CM Properties incorporates by reference each of its responses set forth in the preceding Paragraphs as though they were fully set forth herein.

36.    This Paragraph states legal conclusions that do not require a response.  To the extent a response is required, CM Properties denies the allegations.

37.    This Paragraph states legal conclusions that do not require a response.  To the extent a response is required, CM Properties denies the allegations.

38.    Denied.

39.    Denied.

40.    Denied.

41.     Denied.

## PRAYER FOR RELIEF

No response is required to Dynamic's prayer for relief; however, to the extent there are any allegations of factual or legal entitlement to the relief requested, CM Properties denies such allegations.  In the Sublease Agreement, Dynamic waived trial by jury.  *See* Ex. A § 19(p).  CM Properties further denies that Dynamic is entitled to any of the relief sought in the prayer for relief or any relief whatsoever.

## AFFIRMATIVE DEFENSES

### Affirmative Defense No. 1

The Complaint fails to state a claim upon which relief can be granted.

### Affirmative Defense No. 2

The Complaint, and the claims asserted therein, are barred because CM Properties did not breach any legal or contractual duty to Plaintiff.

### Affirmative Defense No. 3

The Complaint, and the claims asserted therein, are barred by Plaintiff's breach of the Sublease Agreement.

**Affirmative Defense No. 4**

The Complaint, and the claims asserted therein, are barred to the extent that Plaintiff has failed to perform its duties and all conditions precedent under the contracts referenced in the Complaint.

**Affirmative Defense No. 5**

The Complaint, and the claims asserted therein, are barred to the extent that CM Properties has a right of setoff or recoupment.

**Affirmative Defense No. 6**

Plaintiff has failed to mitigate its damages, if any.

**Affirmative Defense No. 7**

The Complaint is barred by the equitable doctrines of unclean hands, estoppel, laches, ratification and waiver.

**Affirmative Defense No. 8**

The Complaint, and the claims asserted therein, are moot because the Sublease Agreement did not renew on January 27, 2018.

**RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES**

CM Properties gives notice that it intends to rely on any affirmative defense that is now or may become available in this action, through discovery or otherwise, and reserves its right to amend this Answer to assert any such defenses.

**COUNTERCLAIM**

Defendant and Counterclaim-Plaintiff, CM Energy Properties, LP ("CM Properties"), a Delaware limited partnership, alleges, upon knowledge with respect to its own acts and upon information and belief as to all other matters, for its claims against Plaintiff and Counterclaim-

7

Defendant Dynamic Energy, Inc. ("Dynamic"), a West Virginia corporation as follows:

## THE PARTIES, JURISDICTION, AND VENUE

1.     Defendant and Counterclaim-Plaintiff CM Properties is a limited partnership organized and existing under the laws of the State of Delaware.  For purposes of diversity jurisdiction, CM Properties is a citizen of California, Colorado, Connecticut, Florida, Georgia, Illinois, Indiana, Kentucky, Maryland, Massachusetts, Michigan, Minnesota, New Jersey, New York, North Carolina, Pennsylvania, Puerto Rico, South Carolina, Texas, and Wisconsin.

2.     Plaintiff and Counterclaim-Defendant Dynamic is, upon information and belief, a corporation organized and existing under the laws of the State of West Virginia, with its principal place of business in Daniels, West Virginia.  For purposes of diversity jurisdiction, Dynamic is a citizen of West Virginia.  Pursuant to that certain Sublease Agreement entered into between the parties on or about January 27, 2017 (attached hereto as Exhibit A, the "Sublease Agreement"), and its reference to and incorporation of Section 9.10 of that certain Amended and Restated Purchase Agreement between Dynamic and CM Energy Holdings, LP and, solely with respect to Article 5 and Article 8, Bluestone Resources Inc., dated January 27, 2017 (attached hereto as Exhibit B, the "Purchase Agreement"), service of process on Dynamic is proper when made by Registered U.S. Mail on the following:

> Dynamic Energy, Inc.
> 302 S. Jefferson Street
> Roanoke, VA 24011
> Facsimile: (540) 301-5919
> Attention: James C. Justice, III, Executive Vice President
> e-mail address: jcj3@bluestoneindustries.com
>
> with a copy to:
>
> Frost Brown Todd LLC
> 250 West Main Street

Suite 2800
Lexington, KY 40507
Facsimile: (859) 231-0011
Attention: Paul Sullivan
e-mail address: psullivan@fbtlaw.com

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) in

that the amount in controversy is in excess of $75,000 exclusive of interest and costs, and the

matter and action is between citizens of different states.

4.      This Court also has subject matter jurisdiction over this action pursuant to the

Sublease Agreement, which incorporates Section 9.10 of the Purchase Agreement for purposes

of jurisdiction.  Section 9.10 provides in relevant part, "[e]ach party irrevocably submits to the

exclusive jurisdiction of the state and federal courts located in the State of Delaware."  *See* Ex.

B, § 9.10; *see also* Ex. A, § 19(j).

5.      Venue is likewise appropriate in this Court pursuant to the same Purchase

Agreement, which states, "[e]ach party irrevocably and unconditionally waives any objection to

the laying of venue of any action, suit, or proceeding arising out of this Agreement or the

transactions contemplated hereby in the aforementioned courts."  *See* Ex. B, § 9.10.

6.      Pursuant to the Sublease Agreement, the "agreement and the rights and

obligations of the Parties shall be governed by, and construed in accordance with, the law of the

state of West Virginia without reference to principles of conflicts of law."  *See* Ex. A, § 19(f).

## FACTUAL BACKGROUND

7.      This counterclaim arises from Counterclaim-Defendant's non-payment of

royalties due under the Parties' Sublease Agreement.

8.      On or about August 30, 2004, Dynamic acquired deep-mining rights to portions

of the Gilbert coal seam pursuant to a March 20, 1957 lease with various individual landowners

as lessors (the "Ettenger Lease").

9.      On January 27, 2017, CM Energy Holdings, LP ("CM Energy"), an affiliate of CM Properties, acquired a coal mine, coal preparation plant, loadout facility and belt line owned by Dynamic, as well as certain leases, one of which was the Ettenger Lease.

10.     That same day, CM Energy subleased the Ettenger Lease back to Dynamic and assigned the Sublease Agreement to CM Properties.  The Sublease Agreement allowed Dynamic to continue to mine deep portions of the Gilbert coal seam, which was subject to the Ettenger Lease, provided that Dynamic did not interfere with CM Energy's surface operations in the newly acquired coal mine.  Dynamic was also required to pay royalties, rentals, and other payments to CM Properties pursuant to the Sublease Agreement.

11.     The Sublease Agreement provides for one-year renewal terms "subject to the full payment of all royalties, rentals, and other payments due under this Agreement."  Ex. A, § 4. Thus, if any payments from Dynamic were outstanding as of the annual renewal date of the Sublease Agreement, the agreement automatically did not renew, without any further action by CM Properties.

12.     The Sublease Agreement also contains a "waiver" provision in Section 19(h), which provides that any waiver of any of the Sublease Agreement's terms or conditions must be "set forth in a written instrument duly executed by the Party waiving such term or condition." *Id.* § 19(h).

13.     Despite the Sublease Agreement's clear payment obligations, Dynamic never paid any of the amounts due from the effective date of the Sublease Agreement through January 27, 2018.  CM Properties never waived Dynamic's non-payment.

14.     Thus, because Dynamic failed to make any of the required payments due under

the Sublease Agreement as of January 27, 2018, the Sublease Agreement did not renew according to its terms in January 2018.

15.     Months after the Sublease Agreement did not renew on January 27, 2018, Dynamic continued to assert its rights under the Agreement, including actively permitting the deep mine site, and still failed to fulfill its payment obligations.  To further protect its interests, CM Properties sent Dynamic a letter on June 20, 2018, informing Dynamic of CM Properties' contractual right to forfeiture under Section 11 of the Sublease Agreement.  Forfeiture permitted CM Properties to re-enter the subleased property and to exclude Dynamic from the subleased property.  *See* Ex. A, § 11 ("[A]ll right[s] of Sublessees hereunder shall become forfeited and cease and terminate (sic), and Sublesssors shall have the right to re-enter the Subleased Coal Property [and] to exclude Sublessees therefrom . . . .").

16.     Dynamic did not respond to CM Properties' June 20, 2018 letter.

17.     Having received no response, and for the avoidance of doubt, CM Properties sent a second letter to Dynamic on August 28, 2018, this time alerting Dynamic that any interest Dynamic had in the Sublease Agreement was forfeited pursuant to Section 11 of the Agreement.

## COUNT I

### Declaratory Judgment—The Sublease Agreement Did Not Renew on January 27, 2018 Due to Dynamic's Non-payment

18.     Counterclaim-Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 17 of this Counterclaim for Declaratory Relief.

19.     Section 4 of the Sublease Agreement conditions renewal of the sublease on "the full payment of all royalties, rentals, and other payments due under this Agreement."  Ex. A, § 4.

20.     As of January 27, 2018, the date on which the Sublease Agreement was to renew pursuant to Section 4 of the Agreement, Dynamic had not paid any of its royalty obligations due under the Sublease Agreement.

21.     Because of Dynamic's non-payment of its obligations, the Sublease Agreement did not renew in January 2018 pursuant to the plain language of Section 4.

22.     A real and justiciable controversy exists between CM Properties and Dynamic as to whether the Sublease Agreement failed to renew as of January 27, 2018.

23.     CM Properties therefore requests that the Court enter a Declaratory Judgment pursuant to 28 U.S.C. § 2201(a) that the Sublease Agreement did not renew on January 27, 2018, in light of Dynamic's non-payment of its obligations under the Sublease Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim-Plaintiff CM Properties requests Judgment on its Counterclaim for Declaratory Relief as follows:

A.     A Declaratory Judgment pursuant to 28 U.S.C. § 2201(a) on Count I declaring that the Sublease Agreement between CM Properties and Dynamic did not renew on January 27, 2018.

B.     All reasonable attorneys' fees;

C.     Pre- and post-judgment interest; and

D.     Such other and further relief the Court finds warranted under the facts and circumstances of this action.

12

OF COUNSEL

Sarah E. Williams
Anna G. Rotman
Kirkland & Ellis
609 Main Street
Houston, TX  77002
sarah.williams@kirkland.com
anna.rotman@kirkland.com

Dated: July 12, 2019

BAYARD, P.A.

*/s/ Elizabeth A. Powers*
Brett M. McCartney (No. 5208)
Elizabeth A. Powers (No. 5522)
600 N. King Street, Suite 400
Wilmington, DE 19801
Phone: (302) 655-5000
bmcartney@bayardlaw.com
epowers@bayardlaw.com

*Attorneys for Defendant/Counterclaim-Plaintiff CM Energy Properties, LP*

13